IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JAMES R. MORGAN, Individually and**
**as President and CEO of Industrial/**
**Commercial Sales and Services, LLC, and**
**INDUSTRIAL/COMMERCIAL SALES**
**AND SERVICES, LLC,**

    **Plaintiff,**

v.

**WILLIAM EDWARDS,**

    **Defendant.**                                                **Case No. 10-cv-88-DRH**

## ORDER

**HERNDON, Chief Judge:**

        Defendant has removed the instant case from state court on the basis of diversity jurisdiction. **28 U.S.C. § 1332**. One of the Plaintiffs is a Limited Liability Company ("LLC"). While Defendant argues that the LLC is not a real party in interest and therefore, should not be relevant for the purposes of determining diversity of citizenship, the Court nonetheless needs to be apprised of the citizenship of the LLC, in case the Court determines the Defendant is in error. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." ***Ex parte McCardle*, 7**

Wall. 506, 514 19 L. Ed. 264 (1868); *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 94 (1998). In fact, federal courts are "obliged to police the constitutional and statutory limitations on their jurisdiction" and should raise and consider jurisdictional issues regardless of whether the matter is ever addressed by the parties to the suit. *See Kreuger v. Cartwright*, 996 F.2d 928, 930-31 (7th Cir. 1993); *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 777 (7th Cir. 1986).

"The citizenship for diversity purposes of a limited liability company, however, despite the resemblance of such a company to a corporation (the hallmark of both being limited liability), is the citizenship of each of its members." *Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267 (7th Cir. 2006) (collecting cases); *see also Commonwealth Ins. Co. v. Titan Tire Corp.*, 398 F.3d 879, 881 n.1 (7th Cir. 2004) (citing *Belleville Catering Co. v. Champaign Market Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003)). As such, unincorporated business entities, such as limited partnerships ("LP") or limited liability companies ("LLC") "are [more appropriately] analogized to partnerships . . . ." *Belleville Catering Co.*, 350 F.3d at 692 (citing *Carden v. Arkoma Associates*, 494 U.S. 185, 110 S. Ct. 1015 (1990)). Thus, the Seventh Circuit deems an LLC a citizen "of every state of which any member is a citizen." *Id.* (citing *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998)).

Accordingly, Plaintiffs are hereby **ORDERED** to file a memorandum advising the Court of the citizenship of all the members of Industrial/Commercial

Sales and Services, LLC, and further respond to Defendant's assertion of jurisdiction in this memorandum, or apprise the Court that they intend to file a remand motion contesting the issue of jurisdiction. Said memorandum or notice shall be filed within 7 days from the date of this order.

**IT IS SO ORDERED**.

Signed this 5th day of February, 2010.

/s/  *David R Herndon*
**Chief Judge
United States District Court**