IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JAMES R. MORGAN AND**
**INDUSTRIAL/COMMERCIAL**
**SALES AND SERVICE, LLC,**

    **Plaintiffs,**

**v.**

**WILLIAM EDWARDS,**

    **Defendant.**                                    **Case No. 10-cv-88-DRH**

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

### I. Introduction

Before the Court is Plaintiffs' Motion to Remand (Doc. 8), to which Defendant has filed an opposing Response (Doc. 11). Plaintiffs James R. Morgan ("Morgan"), individually and as President and CEO of Industrial/Commercial Sales and Service, LLC ("ICSS"), and ICSS originally filed this suit against defendant William Edwards ("Edwards") in the Circuit Court of the First Judicial Circuit in Jackson County, Illinois (Doc. 2, Ex. 2 - Comp.). Defendant thereafter removed it to federal court on the basis of diversity jurisdiction, **28 U.S.C. § 1332** (Doc. 2). In their Motion to Remand, Plaintiffs oppose Defendant's assertion that complete

diversity of citizenship exists. Defendant based diversity jurisdiction on the theory that plaintiff ICSS was not a proper party plaintiff in this action and therefore, its citizenship is not relevant to the diversity of citizenship requirements pursuant to **28 U.S.C. § 1332(a)**. Specifically, Defendant contends that there is no actual, substantial controversy between himself and ICSS and therefore, ICSS is not a real party in interest. Conversely, Plaintiffs maintain that ICSS is a proper party to this action. If they are correct, then complete diversity will be destroyed and this case must be remanded. For the reasons set forth herein, the Court agrees, finding it cannot exercise diversity jurisdiction over this matter.

## II. Background

As alleged in Plaintiffs' Complaint, plaintiff ICSS was formed as a Illinois limited liability company ("LLC") on July 1, 1996, and the Articles of Organization were filed with the Illinois Secretary of State (Doc. 2, Ex. 2 - Comp., ¶ 4). (Although the Complaint indicates that a copy of the Articles of Organization are attached to it as "Exhibit A," there is no such attachment to the Complaint that was filed with this Court after the case was removed.) Plaintiffs further allege that ICSS is a Manager-managed company following the terms and conditions as set forth in its Operating Agreement, which was adopted on June 24, 1996 (*Id*. at ¶ 5). (Again, although the Complaint indicates that a copy of the Operating Agreement for ICSS is attached as "Exhibit B," there is no such attachment to the Complaint that was filed with this Court after the case was removed.)

Initially, there were three members of ICSS: plaintiff James R. Morgan, holding a 40% interest in ICSS, defendant William Edwards, holding a 40% interest, and Robert L. Morgan Builder, Inc., holding a 20% interest (*Id*. at ¶ 6). Both Morgan and Edwards were the initial Managers of ICSS (*Id*. at ¶ 7). Sometime on or about May 1, 2003, Plaintiffs claim that member Robert L. Morgan Builder, Inc., transferred its 20% interest in ICSS to plaintiff Morgan (*Id*. at ¶ 9). Therefore, plaintiff Morgan held 60% interest in ICSS and was the majority interest-holder (*Id*. at ¶ 13). On or about May 13, 2003, Plaintiffs state that action was taken, pursuant to a member meeting, to remove defendant Edwards as a Manager of ICSS and also that his employment with ICSS was terminated, making Morgan the sole Manager of ICSS (*Id*. at ¶¶ 10-11, 13). Edwards continued to be a member of ICSS, holding a minority interest of 40% (*Id*. at ¶ 14). Although Morgan offered to buy Edwards' 40% interest in ICSS sometime in January 2008, the two could not agree on a purchase price (*Id*. at ¶¶ 15-16).

Plaintiffs allege that several member meetings were held since 2003 onwards, with proper notice given, which Edwards failed to attend (*Id*. at ¶¶ 17, 19-23). The decision to terminate Edwards as a member of ICSS, or "disassociate" his membership, arose from Plaintiffs' claim that he "engaged in conduct relating to the company's business that makes it not reasonably practicable for Morgan to carry on the business of ICSS with Edwards as a member. **805 ILL. COMP. STAT. 180/35-45(6)(c)**" (*Id*. at ¶ 24). Thus, on June 17, 2009, Plaintiffs allege that Morgan issued a Notice of Meeting of Members for a June 30, 2009 meeting for the purpose of

disassociating Edwards as a member in accordance with Illinois law and the ICSS Operating Agreement (*Id.* at ¶ 27).  At the June 30, 2009 meeting, the vote passed to remove Edwards as a member and dissociate him from ICSS (*Id.* at ¶ 28).  Under Illinois law, once a member of an LLC is disassociated, the LLC is required to purchase the distributional interest held by the disassociated member.  **805 ILL. COMP. STAT. 180/35-55(a)**.  Plaintiffs claim that Section 8.03(d) of the ICSS Operating Agreement stated the same requirement (*Id.* at ¶ 32).  Plaintiffs continue, alleging that on July 30, 2009, ICSS sent Edwards the minutes of the June 30, 2009 members meeting, along with a proposed offer to purchase his distributional interest (*Id.* at 34).  To date, Edwards has not accepted the purchase offer by ICSS (*Id.* at ¶ 36).  Because the ICSS Operating Agreement is silent as to the valuation, Plaintiffs have filed suit seeking a determination of the fair value of Edwards' 40% distributional interest and a right to commence a proceeding to purchase, pursuant to **805 ILL. COMP. STAT. 180/35-60(d)** and **805 ILL. COMP. STAT. 180/35-65**.

### III.  Discussion

#### A.  Removal

As stated previously, Defendant removed this case of the basis of diversity jurisdiction.  The removal statute, **28 U.S.C. § 1441**, is construed narrowly and doubts concerning removal are resolved in favor of remand.  ***Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)**.  The status of the case as disclosed by a plaintiff's complaint is controlling on the issue as to whether the case

is removable. **St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 291 (1938)**. Defendant bears the burden to present evidence of federal jurisdiction once the existence of that jurisdiction is fairly cast into doubt. **See In re Brand Name Prescription Drugs Antitrust Litig., 123 F.3d 599, 607 (7th Cir. 1997)**. "A defendant meets this burden by supporting [its] allegations of jurisdiction with 'competent proof,' which in [the Seventh Circuit] requires the defendant to offer evidence which proves 'to a reasonable probability that jurisdiction exists.'" **Chase v. Shop 'N Save Warehouse Foods, Inc., 110 F.3d 424, 427 (7th Cir. 1997)(citations omitted)**. However, if the district court lacks subject matter jurisdiction, the action must be remanded to state court pursuant to **28 U.S.C. § 1447(c)**.

The statute regarding diversity jurisdiction, **28 U.S.C. § 1332**, requires complete diversity between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs. Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." **Howell v. Tribune Entertainment Co., 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted)**. Likewise, the citizenship of the real party in interest determines whether diversity jurisdiction exists, "because a party who has no real interest in the outcome of the litigation should not be able to use its citizenship to transform a local controversy into a federal case." **CCC Info. Serv., Inc. v. Am. Salvage Pool Ass'n, 230 F.3d 342, 346 (7th Cir. 2000) (citations**

**omitted)**.  The citizenship for diversity purposes of an LLC is the citizenship of each of its members – thus when analyzing whether diversity of citizenship exists, an LLC will be deemed a citizen of every state of which any member is a citizen.  ***Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267 (7th Cir. 2006)(collecting cases)(emphasis added);** *see also **Commonwealth Ins. Co. v. Titan Tire Corp.*, 398 F.3d 879, 881 n.1 (7th Cir. 2004)(citing *Belleville Catering Co. v. Champaign Market Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003))**.

**B.     Analysis**

The Parties do not contest Defendant's assertion that the amount in controversy exceeds $75,000 nor do they dispute the allegations that plaintiff Morgan is a citizen of Illinois or that defendant Edwards is a citizen of South Carolina. Defendant concedes that ICSS, as an LLC, takes on the citizenship of its members. As its only members are plaintiff Morgan and himself, Defendant therefore concedes that ICSS is a citizen of both Illinois and South Carolina (Doc. 11).  As Plaintiffs argue in their Motion to Remand (Doc. 2), there is no diversity of citizenship between the Parties, due to the fact that ICSS is considered a citizen of the same state as Defendant.  However, as the Court stated previously, the issue at hand involves Defendant's argument that ICSS is *not* a proper party to this action and therefore, should not be considered for the purposes of determining jurisdiction.  Without ICSS, it would appear that diversity jurisdiction exists under **28 U.S.C. § 1332**.

Defendant first argues that the transfer the 20% member interest from

Robert L. Morgan Builder, Inc., to plaintiff Morgan, was precluded by the terms of the ICSS Operating Agreement and therefore, Morgan does not properly hold a 60% majority interest in ICSS (Doc. 11, p. 4). Continuing, Defendant contests that because Morgan actually lacks a majority interest, it was improper for him to attempt to remove Defendant as manager or disassociate him from ICSS (*Id.*). As such, Defendant opposes Plaintiffs' assertion that he was ever properly disassociated as a member of ICSS (*Id.*).

Because Defendant disputes the assertion that either plaintiff Morgan has a majority interest in ICSS or that Defendant was properly disassociated from ICSS, he states that this case is merely a dispute regarding the rights and responsibilities under the ICSS Operating Agreement and because an LLC cannot be a party to the operating agreement that formed it, as a matter of law, ICSS cannot therefore be considered a real party in interest to this suit (*Id.* at 5, citing **Trover v. 419 OCR, Inc.**, **921 N.E.2d 1249 (Ill. App. Ct. 2010)**). Maintaining that the disassociation was invalid and that he remains a member of ICSS, Defendant further argues that plaintiff Morgan has no standing to bring suit on behalf of ICSS, as such would require the consent of a majority of the managers under Illinois law (*Id.* at 6, citing **805 ILL. COMP. STAT. 180/15-1(b)(2)**).

Considering the Parties' arguments as to the issue of whether ICSS is a real party in interest to this litigation, at this stage of the proceedings, the Court finds that it is. Defendant's arguments regarding the validity of the membership

interest transfer and his subsequent disassociation go to the merits of this suit. Further, Defendant has not proved his assertions "to a reasonable probability." Although Defendant contests that Section 10.01 of the ICSS Operating Agreement precluded the transfer of ICSS interest to Morgan and therefore, the disassociation of his membership was invalid, his argument is not persuasive. First, while Section 10.01 does generally preclude interest transfer, it also makes an exception for situations "specifically provided herein," (Doc. 11, p. 2). In addition, Plaintiffs' Complaint alleges that Section 10.01(c) of the ICSS Operating Agreement was amended. However, because the Court does not have a copy of the ICSS Operating Agreement and thus cannot review the germane provisions, it is unable to assess the propriety of the interest transfer or Morgan's subsequent actions. Therefore, the Court must abide by the status of Plaintiffs' Complaint as controlling in its jurisdictional analysis. In so doing, it finds that as the Complaint alleges Defendant was disassociated as a member of ICSS, ICSS is statutorily obligated to purchase his 40% interest. This would make ICSS a proper party in interest to this litigation. As such, the Court further finds complete diversity of citizenship does not exist and so it cannot exercise jurisdiction over this suit. In sum, remand is warranted.

### IV. Conclusion

For the reasons discussed herein, Plaintiffs' Motion to Remand (Doc. 8) is **GRANTED**. Accordingly, the Clerk is instructed to **REMAND** this case back to the Circuit Court of the First Judicial Circuit in Jackson County, Illinois, pursuant to **28**

**U.S.C. § 1447(c)**, and close the case file. Lastly, the Court will not award Plaintiffs' request for attorneys' fees and costs associated with their Motion to Remand. Plaintiff's memorandum fails to address the issue and the Court finds the matter waived. Moreover, the Court finds the issue one to be arguable on the part of the Defendant and Plaintiff is not entitled to fees and expenses in defending the motion.

    **IT IS SO ORDERED.**

    Signed this 29th day of April, 2010.

                                           /s/ *DavidRHerndon*
                                          **Chief Judge**
                                          **United States District Court**